# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOBBY POKE, JR., | ) |
| Petitioner, | ) |
| vs. | ) Case No. 19-cv-200-NJR |
| T.G. WERLICH, | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Bobby Poke, Jr. ("Poke"), an inmate of the Federal Bureau of Prisons ("BOP") currently incarcerated at Greenville Federal Correctional Institution ("Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 in order to challenge his enhanced sentence as a career offender based on his prior drug conviction in Illinois. (Doc. 1, pp. 6 and 10). In support of his Petition, he relies on the United States Supreme Court's decision in *Mathis v. United States*, -- U.S. --, 136 S. Ct. 2243 (2016). Poke argues that, in light of *Mathis*, he should not have been subject to the career offender enhancement under the United States Sentencing Guidelines. (Doc. 1, p. 12). He seeks a new sentence. (*Id*. at p. 8).

This matter is now before the Court for preliminary review of the Section 2241 Petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

Under limited circumstances, a prisoner may challenge his federal conviction or sentence pursuant to 28 U.S.C. § 2241. Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his

1

detention." "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Following *Davenport*, a petitioner must satisfy three conditions in order to trigger the savings clause: (1) he must demonstrate that he relies on a new statutory interpretation case and not a constitutional case; (2) he must demonstrate that he relies on a decision that he could not have invoked in his first § 2255 motion and that case must apply retroactively; and (3) he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

Some errors can be raised on direct appeal, but not in a collateral attack pursuant to Sections 2255 or 2241. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. As the Seventh Circuit has noted, "[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for Section 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum."). *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013). *See also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014). More recently, the Seventh Circuit reiterated that the Sentencing Guidelines have been advisory ever since the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005); *Perry v. United States*, 877 F.3d 751 (7th Cir. 2017).

Poke was sentenced under the Sentencing Guidelines and received a sentence well within the statutory maximum. *See* 21 U.S.C. § 841(b)(1)(A). He was sentenced in 2005, however, on a 2004 criminal case. (Doc. 1, p. 1). Thus, it is not apparent from the petition that Poke was sentenced after the Sentencing Guidelines became advisory. *See Booker*, 543 U.S. at 245. Accordingly, it is not plainly apparent that Poke is not entitled to habeas relief, and the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b).

**IT IS HEREBY ORDERED** that Respondent Werlich shall answer or otherwise plead on or before **May 24, 2019**.[1] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3), and 28 U.S.C. § 636(c)(1), *should all the parties consent to such a referral.*

Poke is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification must be done in writing and no later than 7 days after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** 4/25/2019

                                                                                                        *Nancy J. Rosenstengel*
                                                                                         _____
                                                                                         **NANCY J. ROSENSTENGEL**
                                                                                         **Chief U.S. District Judge**

---

[1] The response date ordered here is controlling. Any date that the Case Management/Electronic Case Filing ("CM/ECF") system should generate during this litigation is a guideline only. *See* SDIL-EFR 3.