IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOBBY POKE, JR., # 07430-028, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 19-cv-200-NJR |
| ) | |
| M.D. SMITH,[1] ) | |
| Warden, MCFP-Springfield, Missouri, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Bobby Poke, Jr., an inmate in the Bureau of Prisons, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Docs. 1, 9). In 2005, Poke was sentenced to a 310-month term of imprisonment after his guilty plea in the Southern District of Indiana. The sentence consisted of concurrent 250-month terms on Counts 1 and 2 for distribution of 5 or more kilograms of cocaine (21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii)), and possession with intent to distribute 500 grams or more of cocaine (21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii)) respectively, plus a consecutive 60 months for possession of a firearm in relation to a drug trafficking crime (Count 3) (18 U.S.C. § 924(c)(1)). (Doc. 9, p. 2; Doc. 11, p. 3); *United States v. Poke*, No. 04-cr-27-01 (S.D. Ind., Aug. 5, 2005); (Doc. 11-2).

Poke invokes *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016), and *United States*

---

[1] Warden Smith was substituted as the Respondent in this action after Poke was transferred to the MCFP-Springfield (Doc. 17); Poke was incarcerated in the Southern District of Illinois at the time he filed the case. Poke's transfer to a facility outside this district does not divest this Court of subject matter jurisdiction. *See al-Marri v. Rumsfeld,* 360 F.3d 707, 712 (7th Cir. 2004) (citing *Ex Parte Endo,* 323 U.S. 283 (1944)).

1

*v. Elder*, 900 F.3d 491 (7th Cir. 2018), to argue that his statutory mandatory minimum sentence as well as the calculation of his sentencing guidelines under United States Sentencing Guideline (USSG) § 4B1.2 were improperly enhanced based on a 1995 Illinois conviction for possession with intent to deliver cocaine. He asks this Court to vacate his sentence and refer the matter to the Southern District of Indiana to resentence him without the recidivist enhancements. (Doc. 1, p. 8).

Respondent filed a Motion to Dismiss the Habeas Petition (Doc. 11), which is now before the Court along with Poke's Response. (Doc. 13).

## RELEVANT FACTS AND PROCEDURAL HISTORY

In July 1995, Poke was convicted in Winnebago County, Illinois, Case No. 94-CF-2979, of possession with intent to deliver 1-15 grams of cocaine, in violation of 720 ILCS 570/401(c)(2) (1995). (Doc. 9, pp. 1-2; Doc. 11-4).

In March 2005 in the Southern District of Indiana, Poke pled guilty without a plea agreement to Counts 2 and 3 only; he received sentences of 250 months on the drug offense and 60 months consecutive on the firearm offense. (Doc. 11, p. 3; Doc. 11-1, pp. 4-5). He later entered a negotiated plea to the Count 1 drug offense, on which he received a concurrent 250-month term. (Doc. 11, p. 4; Doc. 11-1, p. 6; Doc. 11-2).

At Poke's original sentencing in May 2005, the court calculated the applicable advisory guideline for Count 2 at a range of 292-365 months, with a mandatory consecutive minimum sentence of 60 months for Count 3. (Doc. 11, p. 4; Doc. 10-1, p. 13). This calculation included a career offender enhancement under USSG § 4B1.1 based on Poke's 1995 Illinois drug conviction qualifying as a "controlled substance offense," and a 1998 aggravated battery conviction, which raised his total offense level from 30 to 37. (Doc. 10-1, p. 6). However, that level was lowered to 35 for acceptance of responsibility. *Id.*; (Doc. 11, p. 4). Poke's original criminal history level of

IV was raised to VI as a result of his career offender designation. (Doc. 10-1, p. 9). Poke's sentence was imposed after *United States v. Booker*, 542 U.S. 220 (2005), rendered the sentencing guidelines advisory rather than mandatory. (Doc. 11-5, pp. 16, 27-30).

The statutory sentencing range for Count 2 under 21 U.S.C. § 841(b)(1)(B)(ii) (2005) was 10 years to life, enhanced because of Poke's Illinois drug conviction. (Doc. 10-1, pp. 1, 13; Doc. 11-5, p. 29). In the absence of a prior "felony drug offense," the unenhanced statutory range would have been 5-40 years. 21 U.S.C. § 841(b)(1)(B)(ii) (2005).

## GROUNDS FOR HABEAS RELIEF

Poke argues that his Illinois drug conviction was improperly used to enhance both his statutory sentencing range under 21 U.S.C. § 841(b)(1)(B)(ii), and his guideline sentencing range under USSG § 4B1.1. He asserts that after application of the categorical analysis set forth in *Mathis* and as applied in *Elder*, the Illinois statute of his conviction no longer constitutes a "felony drug offense" under the federal statute or a "controlled substance offense" under the guidelines (§ 4B1.2), because of the overbreadth of the Illinois statutory drug definitions when compared with the federal Controlled Substances Act. (Doc. 9, pp. 25-35).

Poke urges that he has the due process right to be sentenced based on accurate information, therefore *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), should not operate to defeat his claim. (Doc. 9, pp. 8-20). Additionally, he claims that to deny habeas relief under *Mathis* to a petitioner sentenced post-*Booker* while allowing such relief for a pre-*Booker* sentence amounts to an equal protection violation. (Doc. 9, p. 24).

## MOTION TO DISMISS

Respondent argues that Poke's case falls squarely within the rule set forth in *Hawkins*, and is subject to dismissal because Poke's post-*Booker* sentence was within the statutory range of both

3

the enhanced (10 years to life) and unenhanced (5-40 years) provisions of § 841(b)(1)(B)(ii). (Doc. 11, pp. 7-8).

The motion also "expressly preserves the Department of Justice's newly-established position that a prisoner . . . who has already unsuccessfully sought relief under § 2255 cannot establish his eligibility to file a habeas petition under the saving clause by relying on a later-issued decision of statutory interpretation." (Doc. 11, p. 6, n.2). [2] As Respondent acknowledges, this position is currently foreclosed by binding Seventh Circuit precedent as set forth in *In re Davenport*, 147 F.3d 605, 608-12 (7th Cir. 1998). *Id.*

### APPLICABLE LEGAL STANDARDS

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is also normally limited to only *one* challenge of his conviction and sentence under Section 2255. He or she may not file a "second or successive" Section 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was

---

[2] The Court recognizes the preservation of this argument but sees no need to address it because *Hawkins* is dispositive of Poke's claim.

previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, however, it is possible for a prisoner to challenge his federal conviction or sentence under Section 2241. Specifically, 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *see also United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." In other words, "there must be some kind of structural problem with section 2255 before section 2241 becomes available." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

Following *Davenport*, a petitioner must meet three conditions in order to trigger the savings clause. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Second, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

**ANALYSIS**

This Court need not reach the ultimate merits of Poke's argument that the Illinois drug statute (720 ILCS 570/401 (1995)) criminalizes a broader swath of conduct than does the federal statute or the sentencing guidelines. Under *Hawkins*, he cannot demonstrate the existence of a fundamental defect in his conviction or sentence that is grave enough to be deemed a miscarriage of justice, and thus he fails to satisfy the requirements of Section 2255(e)'s savings clause to bring his *Mathis* claim in a Section 2241 petition.

Some errors can be raised on direct appeal but not in a collateral attack in a Section 2255 motion or a Section 2241 petition. A claim that a defendant's guideline sentencing range was erroneously calculated is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013); *see also United States v. Coleman*, 763 F.3d 706, 708-09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.").

The guidelines have been advisory since the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). *Perry v. United States*, 877 F.3d 751, 754 (7th Cir. 2017). The guidelines enhancement and sentencing range that applied to Poke was advisory, not mandatory, because he was sentenced in May 2005, several months after the January 2005 *Booker* decision. The court applied the enhanced statutory maximum of 10 years to life when sentencing Poke on Count 2. Without counting Poke's prior conviction as a "felony drug offense," the unenhanced statutory range would have been 5-40 years. 21 U.S.C. § 841(b)(1)(B)(ii) (2005). Poke's 250-month sentence for his Count 2 drug offense is well below the maximum 40-year (480 month) cap

that would have applied if the court had disregarded his previous drug conviction. The same is true for his aggregate 310-month sentence, which includes the additional 60-month sentence for his Count 3 firearm offense (which was mandated by statute to be imposed consecutively to his drug sentence). *See* 18 U.S.C. § 924(c)(1)(D)(ii) (2005).

*Hawkins* dictates that an erroneous application of the advisory guidelines does not amount to a "miscarriage of justice" (the third *Davenport* factor) so long as the sentence is within the applicable statutory limit. Poke's sentence did not exceed the unenhanced statutory 40-year maximum.[3] Therefore, his Petition does not meet the criteria to bring his claim within Section 2255(e)'s savings clause, even if the sentencing court was mistaken in applying the career offender enhancement (USSG § 4B1.1, § 4B1.2) to yield an advisory sentencing range of 292-365 months.

There is no meaningful way to distinguish *Hawkins* from this case. The issue in *Hawkins* was the same as the career-offender guideline issue raised here by Poke: the use of a prior conviction that would allegedly no longer qualify as a predicate for a guidelines enhancement under current law. In its supplemental opinion on denial of rehearing in *Hawkins*, the Seventh Circuit summarized its holding: "an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant had . . . been sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *Hawkins*, 724 F.3d at 916 (internal citations omitted). *Hawkins* remains binding precedent in this Circuit, and dictates the dismissal of this action. Poke's claimed error in the enhancement of his statutory sentencing range under 21 U.S.C. § 841 does not alter the analysis, because his ultimate sentence was within the

---

[3] Respondent agrees, for the sake of argument, to the application of the unenhanced statutory range for this comparison, without conceding that the statutory enhancement or the career offender guideline enhancement was in error. (Doc. 11, p. 8, n.3).

7

statutory range even without the enhancement.

Poke's additional arguments are not persuasive. First, he asserts that his sentence violates his due process right to be sentenced based on accurate information. (Doc. 9, pp. 8-20). According to Poke, his sentence was based on inaccurate information because his Illinois conviction no longer qualifies as a predicate crime for the career offender enhancement under the guidelines or the statute. The Court does not agree with Poke's reading of the cases he cites in support of this argument. A defendant does, of course, have a due process right to be sentenced based on accurate information. *United States ex rel. Welch v. Lane*, 738 F.2d 863, 864 (7th Cir. 1984), citing *United States v. Tucker*, 404 U.S. 443, 447 (1972) and *Townsend v. Burke*, 334 U.S. 736 (1948). But Poke misunderstands the scope of that right.

Due process is violated by reliance on *factually* incorrect information at sentencing. In *Townsend*, the sentencing court mistakenly thought that the defendant had been convicted on several charges when he in fact had been acquitted or the charges had been dropped. *Townsend*, 334 U.S. at 740. In *Tucker*, the sentencing court was unaware that two of the defendant's prior convictions were invalid because they had been obtained in violation of his right to counsel. *Tucker*, 404 U.S. at 447. In *Welch*, the sentencing court thought that the defendant had been previously convicted of armed robbery, but the prior conviction was only for robbery. *Welch*, 738 F.2d at 865. *See also United States v. Melendez*, 819 F.3d 1006, 1012 (7th Cir. 2016) (drug quantity); *United States v. Jones*, 454 F.3d 642, 652 (7th Cir. 2006) (court considered prior conviction that had been overturned).

Here, the allegedly inaccurate information is not the fact of the prior convictions; it is the conclusion that the prior convictions qualified as predicate crimes for the career offender enhancement. The question of whether a prior crime qualifies as predicate crime is a legal question,

not a factual one. Poke cites no case wherein an erroneous determination of a legal question was held to be the kind of "inaccurate information" which violated due process. This Court's independent research has not identified such a case. Contrary to Poke's argument (Doc. 9, pp. 14-16), *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2010), does not support his position. Narvaez was granted habeas relief because the court found that his pre-*Booker* sentence which erroneously labeled him a career offender amounted to a miscarriage of justice; the *Narvaez* court explicitly did not decide the due process claim raised therein. *Narvaez*, 674 F.3d at 627, n.10, 630. Because Poke's sentencing occurred post-*Booker*, the rule in *Hawkins* (not *Narvaez*) applies here.

Further, the *Mathis* opinion has not "undermined" *Hawkins* as Poke claims. (Doc. 9, pp. 17-23). The rule in *Hawkins* continues to be valid in evaluating whether *Mathis* may provide a habeas petitioner with relief; other factors come into play as well, even for those sentenced pre-*Booker*. Finally, Poke's equal protection argument has no merit – he bases that theory on the claim that defendants like himself who were sentenced post-*Booker* under the discretionary sentencing guidelines are "similarly situated" to those sentenced pre-*Booker* when the guidelines were mandatory. (Doc. 9, p. 24; Doc. 13, pp. 9-10). By definition, these two groups of defendants are plainly not similarly situated, and no further analysis of this claim is necessary.

## Conclusion

For the reasons set forth above, Respondent's Motion to Dismiss Petition (Doc. 11) is **GRANTED**, and this action under 28 U.S.C. § 2241 is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

If Poke wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Poke plans to present on appeal. *See*

FED. R. APP. P. 24(a)(1)(C). If Poke does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Poke to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: March 9, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**